Christian, J.,
delivered the opinion of the court.
The first question we have to determine in tins case arises upon a demurrer filed by the defendant Snavely, both to the original and amended bills.
The ground of demurrer asserted is, that the original bill was multifarious, and that the same objection applies to the amended bill. If the demurrer be sustained as to either it must be sustained as to both.
The bill was filed by the children of Jas. H. Harkrader, all of whom were infants, (except one, who was of age, Frances C. Harkrader, but she being non compos mentis,) by their next friend, against the appellant Snavely, as guardian of the infants and committee of said Frances. The object of the bill seems to be two-fold: First, to surcharge and falsify the ex parte account of the guardian already settled, and for cause alleged in the bill to have him removed from his guardianship; and, second, to have a sale made of the wards’ real estate. It is insisted that the bill thus seeking two distinct and independent objects, wholly disconnected with each other, is multifarious. According to Lord Cottenham (and in this he has been followed by courts and text-writers), it is utterly impossible, upon the authorities, to lay down any rule or abstract proposition as to what constitutes multifariousness, which can be made universally applicable. The cases upon the subject are extremely various, and the courts in deciding them seem to have considered what was convenient in particular cases rather than to have attempted to lay down an absolute rule. The only way of reconciling the authorities on the subject, is by adverting to the fact that although the books speak generally of demurrers for multifariousness, yet in truth such *126 demuiTers may be divided in two distinct kinds. [Frequently the objection raised, though termed multifariousness, is in fact more properly misjoinder; that is to say, the cases or claims united in the hill are of so different a character, that the court will not permit them to be united in one record. It may be that the plaintiffs and defendants are parties to the whole of the transactions which form the subject of the suit, and nevertheless those transactions may be so dissimilar that the court will not allow them to be joined 'together, but will require distinct records. But what is more familiarly understood by the term multifariousness, as applied to a bill, is where a party is able to say he is brought as a defendant upon a record with a large portion of which and of a case made by which he has no connection whatever. 1 Dan. Oh. Bract-., 4th ed. 334-335, and cases cited, in note.
Blow, according to these principles thus declared, the bill m this case would be undoubtedly multifarious, if each of the causes of action as stated was sufficient to sustain the bill. The bill certainly contains two distinct and independent alleged grounds of suit: one for surcharging and falsifying the guardian’s ex parte settled accounts, and for his removal, for causes alleged; and the other for the sale of the infants’ real estate. If each of these are sufficient to sustain the bill, it is multifarious. But if upon the statements of the bill, each cannot-stand alone; if the relief sought upon one ground, clictinct and independent of the other, is such that a coiut of equity cannot grant, either for want of jurisdiction, or because of the form in which it is sought, this latter will be treated as a nullity; and the court may proceed to act upon that ground of suit stated in the bill which is well stated. In such a case the bill will not be declared multifarious, but the court will treat the bill as *127 if it did not contain the allegations setting up the second ground of relief, because by itself no such case could be maintained. This exception to the general rule as to multii'ariousness is well established, and is thus laid down in Story’s Equity Pleadings: “And to support the objection of multifariousness, because the hill contains different . causes of suit against the same person, two things must concur: first, the different grounds of suit must be wholly distinct; secondly, each ground must be sufficient as stated in the bill.” Story’s Eq. PI., 8th ed., p. 267-8, §§ 275-6, and cases cited in note.
The case before us, therefore, comes within the exception above stated, rather than within the general rules referred to. For while the object of the bill is two-fold, and the grounds of relief sought are seperate and independent, yet the second ground as stated in the bill, to-wit: that which seeks a sale’ of the infants’ lands, must he treated as a nullity, because it does not present such a case as a court of equity can entertain. If, upon the allegations of the hill in the second ground.of relief stated, the bill he taken as one for the sale of the wards’ real estate, it is plainly defective. In such a case the bill must be filed by the guardian, and be verified by his oath. The infant must be made defendant by guardian ad litem, and all who would he his heirs, if he were deceased, must also be defendants. The guardian ad litem, as well as infants over fourteen years, must answer the hill on oath, and no deposition can be read in such a suit, unless taken in the presence of the guardian ad litem, or on interrogatories agreed on by him. • Hone of these requisites of the statute are complied with.
So, too, if the bill be treated as one for partition, it is equally defective, for here the infants are all made plaintiffs and the guardian defendant. "With such a bill the guardian has no interest or connection whatever, and *128 should not be made a party, either plaintiff or defendant. So that it is clear that in considering the demurrer to the bill for multifariousness, the court will treat as a nullity so much of said bill as seeks for a sale or partition of the wards’ lands; and so treating it, the court must pronounce the bill as riot multifarious.
The comf is therefore of opinion that there is no error in the decree of the comf below in overruling the demurrer to the plaintiffs’ bill, both original and amended.
The court is further of opinion, that there is no error in the decree of the said circuit court removing the guardian. The court does not deem it necessary to comment on or consider in detail, the voluminous evidence taken on this subject, and covering many pages in the printed record before us.. It is sufficient to say that after a careful examination of this mass of testimony, the court is satisfied that the court below, in the exercise of that large discretion which must, of necessity, be vested in that court, (vide Reynolds v. Zink, 27 Gratt. 29,) was fully justified in removing the guardian. He had received about $5,000 of his wards’ money; not a dollar of which he had invested, but used it himself as a borrower of the finid, and oftseting the interest pro tanto by charges for board of his wards, at the same time receiving valuable services from some of them as laborers for himself. He rented himself the farm (a valuable and productive one) left the wards by their father, not at public auction, but at a rental fixed by friends of his own selection. He kept no account of the profits of the farm, but received them all himself, keeping the children on the farm, charging them board and allowing no compensation for their services, of which he received all the benefit.
Hnder these circumstances, and upon other grounds disclosed by the record, we are of opinion that the court *129 below did not abuse the discretion vested in it by law in removing the guardian. Especially in this case would this court be slow to reverse the court below, because it appears that at the time the decree was entered for the removal of the guardian, all the wards (one of whom had come of age), had left the guardian and gone to live with their uncle in the state of Illinois, who in that state had duly qualified as the guardian of those who were still infants. It is difficult to conceive why, under all the circumstances, the appellant should desire still to retain his office as guardian of wards who are now residents of another state, and who are now the wards of another guardian, unless, indeed, upon the ground that he shall receive some further profit by still holding his wards’ property. Upon the whole evidence the court is of opinion that there is no error in the decree removing the appellant from his office of guardian, and that in this respect the said decree be affirmed.
The court is further of opinion that there is no error in the decree of the said circuit court in fixing the annual rent of the wards’ land at $400, as ascertained by Commissioner English’s report and depositions therewith returned. This rental value was fixed by taking the average value fixed by a number of witnesses. This is a fair and legal mode, and even if not precisely accurate, will not be disturbed by the appellate court. The same may be said as to the amounts fixed as a reasonable board for the wards, as ascertained by said commissioner’s report. The court is therefore of opinion that the decree of the circuit court overruling the appellant’s exceptions to Commissioner English’s report is not erroneous, and that the same, in this respect, he affirmed.
But the court is further of opinion that the decree of the circuit court directing a sale of the wards’ real estate under the bill in this case is erroneous. It is no doubt, as *130 shown by the record, to the interest of the wards that their land shall be sold; but this can only be done upon proper proceedings under the statute providing for the sale of real estate of infants, or upon a proper bill for partition and sale for that purpose, and cannot be done under the bill and proceedings in this case.
The court is further of opinion that so much of said decree as directs the appellant to pay over the amounts found due by Commissioner English’s report, to the foreign guardian, is erroneous. Such payment can only be made in accordance with the fifth section, chapter 125, Code 1873. That-section provides as follows:
“Ho such order” (i. e., order referred to in the third and fourth preceding sections, referring to transfer of property of infant or insane person) “shall be made until notice of the application shall have been published once a week for four successive weeks in a newspaper, nor until it shall be shown by authentic documentary evidence that such foreign guardian, or committee, has, where he qualified, given bond with surety sufficient to insure his accountability fo’’ the whole amount of the ward’s or insane person’s estate in his hands, or which will probably be received by him as such guardian or committee, nor until the court shall be satisfied that the removal of such money or property from this state will not impair the rights, or be prejudicial to the interests, either of the ward or insane person or of any other person.”
. These provisions of the statute are mandatory, and must be complied with before any money or other • personal property belonging to a non-resident infant can be paid over to a foreign guardian.
The proper proceeding in this case, would be the filing of a petition by the foreign guardian, and the publica*tion of notice of such petition or application “ once a *131 week for four successive weeks in a newspaper,” as required by the statute. These provisions of the statute not having been complied with, so much of said decree of the circuit court as directs the payment of money due the wards to the foreign guardian, without his compliance with the aforesaid provisions of the statute, is erroneous, and must be reversed.
The court is therefore- of opinion that so much of the said decree of the circuit court of "Wythe as is not in •conformity with the principles herein declared, must be reversed, and in all other respects that the same be affirmed.
The decree was as follows:
This cause, which is pending in tins court at its place ■of session at "Wytheville, having been fully heard, but not determined at said place of session, this day came here the parties by their counsel, and the court having maturely considered the transcript of the record of the ■decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree of the said ■circuit court in overruling the demurrer filed by the appellant to the original and amended bills of the appellees; nor is there any error in said decree removing the appellant from his office of guardian of the infant children of J. IT. Harkrader, deceased, and of committee of Frances E. Harkrader; nor is there any error in said decree in overruling exceptions of appellant to Commis■•sioner English’s report, and confirming said report with respect to the amounts therein charged against said appellant for rent of the land, and credited to him for board of his said wards and the said Frances E. Harkrader.' It is therefore decreed and ordered that the said decree *132 of said circuit court of "Wythe county, in all these respects and to this extent be affirmed. But the court is further of opinion, for reasons stated in writing and filed with the record, that so much of said -decree as directs a sale of the infants’ real estate under the bills and proceedings in this cause, and that so much of said decree as directs the appellant to pay over to the foreign guardian, H. E. Harkrader, the sums respectively found due to the appellees by the said report of Commissioner English, is erroneous. It is therefore decreed and ordered that the said decree of said circuit court be in these respects reversed and annulled, but in all other respects be affirmed; and the appellees being the parties who substantially prevailed in tins court, it is decreed and ordered that the said appellees recover of the appellant their costs by them expended in their defence of tins appeal and supersedeas here. And this court now proceeding to enter such decree as the said circuit court ought to have entered, it is decreed and ordered that so much of said original and amended bills as seek for a sale of infant real estate be dismissed. But liberty is reserved to them to file their bill in said court, either by the guardian of the infant defendants in the mode prescribed by the statute for the sale of infants’ real estate, or by the adult appellees for partition and sale of the subject for that purpose. And leave is also granted to the appellee, H. E. Harkrader,. the foreign guardian, to file his petition in said court, after-due advertisement as prescribed by the statute, and upon such petition so filed, the said circuit court shall decree to-be paid over to Mm the several amounts respectively due from the former guardian, Snavely (the appellant), as already ascertained by said report of Commissioner English. And it is further decreed and ordered that said circuit court shall, through one of its commissioners, ascertain what proportion of the costs was incurred in *133 taking evidence in reference to the sale of said infants’ real estate, and of evidence certified from the state of Illinois as to the qualification of said foreign guardian and the cost of printing the same; and such costs, so ascertained, shall be, -¡upon a final decree, decreed against the said' H. E. Harkrader. All of which is ordered to he certified to said circuit court.
It is further ordered, that this decree be entered on the order book here, and forthwith certified to the clerk of the court at its place of session, where this cause is pending as aforesaid, who shall enter the same on his order hook, and certify it to the said circuit.court, of "Wythe county.
Decree reversed, but itith costs to the appellees as the party substantially prevailing.